is United States v. Finnesy, I believe, 18-3045. Counsel, would you make your appearances? Judge Holmes, and may it please the Court, my name is Dan Hansmeier. I'm an attorney with the Federal Public Defender for the District of Kansas, and I represent the appellant, Brandon Finnesy. We've raised three issues in this appeal. The first one is a jurisdictional issue about what magistrates can and can't do, accepting pleas. I'm not really going to talk about it. I think it's probably more beneficial to Mr. Finnesy to talk about the sentencing issues first, primarily because of this Court's precedent on that issue. We've made an attempt to show that you could disagree, but honestly don't expect you to. So moving on, I'm going to skip over the jurisdictional issue. Is that because you realize that there's nothing there? Pretty much. I mean, we think we're right on it. There's obviously a circuit split. The magistrate judge never adjudicated him guilty. He accepted the plea pursuant to the waiver, but the district court adjudicated the defendant guilty in the judgment in the district court inter-judgment. That's true. No, he adjudicated him guilty specifically. He says the defendant is adjudicated guilty of these offenses. The magistrate judge never adjudicated him guilty. He accepted the plea. I think we need to get that clear. Well, I think our point, and this is straight from the Seventh Circuit's decision, basically what we're saying is that under the statute, the magistrate judge have the authority to if they do that, they can issue a report and recommendation to the judge. The judge then either accepts, rejects, or does something else to the plea. That's it. The plea pursuant to the waiver. Well, I guess I don't understand the distinction you're trying to draw. I mean, the distinction is. The magistrate judge couldn't say, I accept your plea and you're adjudicated guilty. He couldn't do that. Well, that's what he did here, though. He did not. I've got the transcript right in front of me. He said, I accept the defendant's guilty plea. I'm executing the order accomplishing that, period. Your point would be, however, that even if he accepted the guilty plea, that would be in violation of the statute, right? In other words, apart from adjudicating guilt. Correct, yes. Yes, that's it. Essentially, there's a circuit split on it. We've raised it to preserve it. If I can move on. I'm going to start with the concurrent, consecutive issue, 5G 1.3. So the government has come back with a number of arguments. I think there are essentially four things going on. There's the standard of review. There's this 5G 1.3a, subsection a issue, whether it's relevant conduct under 1B 1.3, and then harmlessness. Standard of review is juicy. Talk to me about that. I have a hard time seeing why this is not forfeited and why you're not under plain error. Explain that to me. The predicate for that, briefly, is that the court issued a tentative sentence. It gave you an opportunity to respond. The important thing is, unlike, I guess it is one of our cases, unlike that case where the objection would continue to not the one that you're proceeding on here. It seems to me that that's my predicate for saying this is forfeited. I'd like to know why it isn't. I agree. Tisdale was decided in 2001. That's basically, I have a one-word answer to your question, Tisdale. Because in Tisdale, what happened was the defendant's attorney did not mention 5G 1.3, asked for a concurrent sentence. Same thing here. This court said that was enough. It's not the same thing here for the precise reason that I just articulated. In Tisdale, there was a general objection made after the tentative sentence. Here, there was not a general objection made. In fact, the court said, so what is your objection? First, he said it was a substantive reasonableness objection. Then, upon inquiry, the defense counsel said, I have a procedural objection. That objection is related to the testimony that took place at the hearing. Specific objection. That is different than Tisdale, where there was a general objection. What I'll draw your attention to is our sufficiency of the evidence cases, where you're much better off saying, Your Honor, there wasn't sufficient evidence. Boom. You have preserved a sufficiency of the evidence objection. But if you start specifying, there isn't specific evidence for this reason, this reason, this reason, and then you omit, that omitted reason becomes a basis for appeal, then you are forfeited that reason. Good being one of our principal cases that talks about that. Why isn't this just like that situation and unlike Tisdale? Everything you've said, Judge Holmes, is nothing the government said. So I apologize if I'm not on it. So here's what I think is going on. Whether they forfeited a forfeiture is a question that's within our discretion. Please, go ahead. Yeah, I mean, I don't read Tisdale as having anything to do with tentative sentences and involving courts giving opportunities to object. The way I read Tisdale is that in 2001, this court had a more lenient forfeiture waiver rule. It was just more lenient. This but he did alert, quote, he did alert the district court to the issue at hand. And I just think it was more lenient. I think today, with the way this court is deciding forfeiture issues now, if Tisdale didn't exist, I think absolutely, we would be underplayed. So what are you saying, Tisdale was bad law or something? Well, I think it's great law. Well, Tisdale's law that we have to harmonize with our current decisions, right? The word harmonize means it all has to make sense together. And so what do we do with that? But they're just different issues. I think Tisdale, you know, cabins off consecutive concurrent issues. I think there's a reliance issue, too, because So it's a consecutive concern case, concurrent case only. I think so, yes. And I think I think there are reliance issues, right? Because if this court said in 2001, to preserve a 5G 1.3 issue, all you have to do is ask for a concurrent sentence, then, you know, prosecutors, defense attorneys, they know that and they can rely on Tisdale to raise the issue. Well, let's assume that's right. But what I'm saying is, do the facts of Tisdale map onto this case? I think they do exactly. Oh, they do? And in the sense that there was a general objection made in Tisdale, there was not a general objection made here. I can read it to you. I have it here. And the court specifically asked him, what is the nature of your procedural objection? And there was a specific objection given back to the court. And it had nothing to do with what we're talking about now. And note, the difference is, if you make a general objection, then everything's on the table. You make a specific objection, then the court's focusing on that. Hmm, does that make sense? No, it doesn't make sense. Boom, let's move on. Exactly like the sufficiency of the evidence context, exactly the potential to distract exists when you create one objection. And the record makes very clear that that's what happened here. That's not what happened in Tisdale. Well, I mean, the record makes clear that 5G 1.3 wasn't even on the table. It wasn't in the PSR. I agree. But what I'm asking is, OK, and this is just a record read. But you're saying that your recollection of the record is this Tisdale maps onto this case? I think it does absolutely, yes. Despite the fact that it might not read, harmonize with more current forfeiture decisions from this case, from this court in other areas. But I do, I mean, we have made a planar argument. I think we can win under planar. To begin, I guess I'll begin with the subsection A argument, which I completely misread, apparently. The government's brief, I read the government's brief that they were essentially putting the state term of imprisonment in a subsection A. So in my reply, I explained how that doesn't work because he was not serving that time that sentence at the time. So that didn't work. But apparently, so the government filed this rule 28 J letter. So I guess what the government is saying is if subsection A applies to some other term of undischarged term of imprisonment, then you wouldn't apply the guideline subsection B to a different state, undischarged state term of imprisonment. And why is that plausible? Since you look at subsection B and it says, I mean, it well, it says clearly if in, let me see, I don't have the wrong one up. It says if subsection A does not apply. But yeah, if it does not, if subsection A does not apply. I mean, that's plain language that says what happens here. If subsection A does not apply and the government and its supplemental authority, or at least you discussed, with reference to its supplemental authority, if you go to commentary 4D, why isn't this exactly the situation? We have two competing undischarged terms of imprisonment, complex case. We've got to figure out what to do. That goes to the discretion of the court. The discretion does a consecutive sentence, done. That language is what I want you to help me. Tell me anywhere why I shouldn't read that language exactly as it says. That let's assume you're right. Your client in this, as we're now. The question of the undischarged state term relates to B. All right, fine. But B only applies if A doesn't apply. And A would have applied then. So factually, we went back. So I filed a 28-J letter. It was not an undischarged sermon. He had already served a sentence. So there were not two. We can't brief by supplemental letters, can we? We can't. Well, I was just responding to their point. But my point is, did the district court at any time know that his term had expired? No. And I didn't know that either. Because when I filed these briefs, the BOP website said he was not in custody. So that's a recent development. Okay. I mean, I'm not faulting you for that. I'm just saying that the fact of the matter is, we're looking at the lay of the land that existed at the time and determining whether there was But the government would have been the party to know that, because the BOP is part of the executive branch. The government is not objecting here. And you can look on. Right? This is your challenge. It is. And it's a challenge if the challenge, you said you can win under plain error. Well, one problem with plain error is you have to deal with the factual circumstance. If you have to do a factual inquiry on plain error, you're done. You have to deal with the factual circumstances that the court understood to exist. And nobody apprised the court of the fact that that term was expired. But again, there was no discussion of it. There was no discussion one way or the other. There was nothing in the PSR to indicate whether it was discharged or undischarged. There was no discussion at the hearing whether it was discharged or undischarged. And that's why plain error is such a tough thing, isn't it? Because it requires you to deal with, on a record where no objection was made, a legal issue that you're now dealing with on appeal. Because if this had been fleshed out below, we could have talked about, what is the interconnection between A and B? How do they interplay? Does Part 4D really have any relevance here at all? All of these are questions we're dealing with now. But we're dealing with it on a barren record that doesn't give us a basis to determine that. And you can always remand. But anyway, on the legal issue, I think the problem with the government's argument is that it reads 5G 1.3 as grouping all undischarged terms of imprisonment. And I think that's not a good reading because 5G 1.3 consistently speaks in the singular. So I think what you're supposed to do, and what I've always understood you do, you take each undischarged term of imprisonment and plug it in. And you come to a, you know, whatever 5G 1.3 says, you would go back, take the other one, plug it in, and you do it separately. They're not grouped. Because there's nothing in the guideline that says you would group. There's nothing anywhere in the guidelines that say you would group. By virtue of the clause that is in subsection B, they're not fully standalone, are they? A and B are not fully standalone because it says if A does not apply, then you apply B. Under your theory, where you were going in and plugging them in, that suggests that they're standalone entities where they have no connection to each other. I don't disagree at all that under, if you're looking at your state undischarged term of imprisonment, that fits in B. And we talk about whether it's relevant conduct, all that. But what does that do with the clause that says it applies only if A doesn't apply? Well, that just means if A applies, B doesn't. I mean, that you can, that would, that clause means something when A applies. There's no, I don't. And why wouldn't A apply under the facts that the court understood it to exist at the time? There were two undischarged terms of imprisonment that the court understood, would have known to exist at the time. The state, the one that we're talking about here, and the misprision of felony that existed, but for the, what we're talking about now. But there's no record evidence that anyone thought that that federal sentence was undischarged. The entire sentencing proceeding had to do with the undischarged state term of imprisonment. Well, there's no record evidence to suggest anyone thought it wasn't undischarged. So if there is a gap in the record, and if, if you will go with me for a second, assume we're under plain error, who bears the burden of that? Well, we know the fact now. We know it was undis, we know it was discharged. And what do we, and so we're going to reverse the district court on a fact that we know now that nobody told them at the time. Well, it's a judicial mistake. So yes, I mean, that happens all the, that happens in guidelines miscalculation. Rosales-Morales is a great example of that, where the Supreme Court reversed on a plain guidelines error that the district court didn't know about. And in that case, the Supreme Court talks about how this is judicial error. It's not an error made by a party. And because it's judicial error, you know, it's, it's, that's what, that's why- The error at the time was a fact, the error was a factual error in that case, you're saying? Well, it had to do with the guidelines calculation. That's a different matter entirely. I don't think it is. I'm talking about the underlying fact of whether his term had been discharged or not. But that makes, that becomes relevant here, does it not? But you have to assume one way or the other. And there's nothing in the record to indicate where the, whether the district court thought it was discharged or undischarged. So we don't know if the district court erred. I'm out of time. Should I stop? Okay, thank you. May it please the court, Carrie Capil for the United States. I will pick up where my colleague left off. And the government's position, and we asserted this position in our brief at page 10, is that on issue two, this concurrent versus consecutive sentence issue- Can you put that microphone a little closer? A little closer. Yes, Your Honor. Sorry about that. That plain error review does apply because the defendant forfeited this issue during the sentencing. You didn't make a lot of argument about that, did you? You just cite it to Tisdale and left it at that, right? Well, Your Honor, we argued the standard of review in our brief at page 10. And we said, if a party fails to lodge a specific objection with the district court, and then we went on to say that this court recognizes a narrow exception and review a application of the guidelines for plain error. And we talked about the error- And why isn't this Tisdale? I think the defense lawyer is quite correct that everything I'm talking about here today was not in your brief. And so what I want to understand is why Tisdale, in fact, would be a case that would tell you that this is forfeiture. Since you have, in Tisdale, all there was, there was no mention of 5G in that case either, and we deemed it preserved, just like this one. Yes, I understand, Your Honor. In Tisdale, this court found that it was sufficient that the defendant had asked for a concurrent sentence. But here, the distinguishing factor is that the district court explicitly asked the parties at least two times if they had any objections to the court's tentative sentence. The court did in Tisdale too. There was a tentative sentence in Tisdale, and the court asked for objections. Yes, and there was a general objection lodged. But here, we had a very specific, the defense counsel at sentencing said, yes, Your Honor, I do have objections. I have an objection to the substantive reasonableness of the sentence, which, of course, goes to the length of the sentence and discretionary matters applying the 3553A factors. And if I went to your brief, I'd find this discussion, right? Your Honor, it's not in the brief, the specific discussion about Tisdale, but we did raise the issue that the standard of review is plain error. And we noted that for that, the error has to be substantial rights. So we did not forfeit our argument that this claim is subject to plain error review. Moreover, this court can affirm for any reason that's supported by the record. So even if this court were to find, and I believe it would be error to find, that we forfeited the plain error argument, Your Honors could still impose that standard of review. And here, if I can go on, when defense counsel responded to the court lodging his objections, he did note, as Your Honor noted, that there were procedural objections that he had. But then when he was pressed further for more specificity so that the district court could respond to those procedural errors, claimed errors, and thus address them during the sentencing rather than let them go to an appeal where they would be raised for the first time, defense counsel noted that his procedural errors or claims related solely to the evidentiary hearing, the testimony, and really to his hearsay and relevance objections. So the district court was not put on notice that there was an issue here as to concurrent sentencing versus consecutive sentencing and that the defendant's position was that the district court had misapplied the guidelines. Moreover, for the reasons that were discussed earlier, there was not an error here. Whether the review is plain or not, there was no error because 5G 1.3d would apply, given the more complex situation here that there were at least two undischarged terms of imprisonment, both the federal one and the state sentence. What do we do with the fact that, in fact, the federal one was not undischarged? I mean, as a matter of fact, the federal one was discharged. Your Honor, those are facts that were not brought before the district court. And whose responsibility was that? Well, here, if the defendant was asking for a concurrent sentence and was asked for his specific objections and did not raise any of those facts, then that falls on the defendant. Here, if we do apply the plain error review, then it's clear that the defendant cannot meet his or her burden because there's no way that that claimed error could be plain or obvious here. And if we don't apply plain error review, then we're in a situation where there and, oh, I just still want to get clear, what is your position regarding the fact that, as a matter of fact, there were not two undischarged terms of imprisonment? Your Honor, that was not in the record before the district court. So, as far as the district court knew, it was an escape based on a federal sentence that was being served at that time. So, as far as the district court was aware, there was a federal undischarged term of imprisonment that the defendant was serving. I understand that, but that doesn't tell me what the legal implication of that is. I understand that as a matter of fact. What is the legal import of that? Is it your answer, nothing? I mean, that we still look at it as if it existed? I mean, that's an explanation. I just want to know what's your explanation. What's the legal import? Your Honor, I believe we do have to go back to the time of the sentencing because that is what this court is reviewing. Based on the facts known to the parties in the court at sentencing and based on the applicable law at the time, did the district court commit error? Now, I'd like to also offer another reason that the district court did not commit errors to 5G1.3, and that is because under 5G1.3B, that requires the offense to have been relevant conduct. So, the undischarged term has to be relevant conduct to the escape offense. And in the language of 5G1.3B, it specifies that it has to be relevant conduct under 1B1.3, either A1, A2, or A3. And our argument is that it falls under none of those provisions. It's criminal history only. There's also an application note, yes, 5 in 2P1.1. I think this might be what Your Honor is getting to, that criminal history points are determined independently of the application of the 2P1.1 that to the extent that the state offenses of possession of controlled substances and a firearm could even be considered relevant conduct, it would be under the A4 provision. Wait a minute. Why couldn't it be relevant conduct? If escape is a continuing offense, and let's even put aside the drugs for a moment. Escape is a continuing offense. He's got a gun. I think that could come in handy when you're trying to escape, wouldn't it? But there would have to be some kind of nexus or relationship. What nexus do you need? I need a gun. I'm escaping. But this was at least three, almost four weeks after the escape, while he has drugs and he's in a car. And escape is a continuing offense, which means there's no difference from the time he stepped out of the prison and the time that he was arrested. Go ahead, please. There has to be a rational relationship between the crimes. It cannot be any crime that's committed while somebody is on escape. Cannot qualify. I gave you a crime. A great crime he was convicted of. The gun. Why is that not connected to an escape? There are no facts. If he's still on the lam, why does that not matter? Because it was four weeks later and there are no facts in the record whatsoever that connects it to his escape crime. I mean, there's just nothing there. And that's what the district court made a factual finding and said, these are not really related. These crimes are not related. The district court did not mention this guideline provision at all. Saying something was not related is, I assume you will agree, not related is not the same as saying something is not relevant conduct. Relevant conduct is a term of art, right? Correct. I'm saying the district court made a factual finding that he found that these two crimes were not really related. Which doesn't say anything about whether they're relevant conduct under subsection B. If you follow my argument or if you take my argument, it would because I'm saying there needs to be a rational relationship between the crimes. For example, in this crime, I understand the gun. It's a bit more appealing to argue that it could be, even though it's weeks later and he's in a car with another man and another woman, there's no evidence that at that point he was fleeing. But for example, if the crime were child abuse, or if the crime were viewing child pornography or rape, there is no way. That's not the crime here. We're dealing with an escape offense that is a continuing offense. Yes, but I think your Honor's proposition, at least the proposition that opposing counsel made, was that because escape is an ongoing crime, any crime that occurs during the escape, even if someone's on escape status for five years, any crime committed is going to be relevant conduct under A13, which then means that 5G 1.3b always has to apply and there has to be a concurrent sentence. And that just logically does not flow. And as a policy matter, it does not make sense. There has to be a nexus. I get that. I get that. Okay, let's go with that for a second. Not every offense is going to be sufficient. If you were, let's assume, child pornography, I'm on escape, how's that relevant conduct for my escape? Fine. The reality is we have a gun offense here. And we don't have to quibble about what could be. And I mean, one could put principle limits on this rule. You've got a gun offense here. And more to the point, more to the point, there was no discussion about any of this. Now, what we're looking at, right, and let me ask you this, if the question for us is, did the court properly comply with the requirements of the guidelines in imposing this sentence? If that is the question, under what standard do you review that? Putting aside the preservation issue now. Do you mean if I cannot argue plan error review? That's correct. Because error is part of plan error review. So you always got to decide whether there was a legal error to begin with. So that's if that is the question, did the court comply with the requirements of the guidelines? What standard review is that? What kind of question is that? Is that a legal question? That's a legal question. If that is a legal question, then the court could have committed legal error by just not going through this analysis, not trying to at all determine where to fit these crimes. You know, you can make the statement, well, there's no nexus. They're not, well, fine. But there's no analysis as to whether there is a sufficient nexus for them to fit within that guideline provision. Why isn't that in itself legal error? Well, Your Honor, we don't know. The district court may have considered 5G 1.3 and found that provision D applied, which gave the district court discretion to impose consecutive, concurrent, partially concurrent, and found that under his discretion and looking at the 3553A factors, he was going to impose a consecutive sentence. It may have, but we're doing, if you're going with my assumption here, we're doing de novo review. We need to be able to know what the court did. I mean, we have plenty of cases that say if there is no intelligible basis on the record to determine what the court did, then we've got to at least vacate to have the court tell us what to do here. In this situation, putting aside the preservation issue, if there is a legal question on the table, do these offenses constitute relevant conduct, where in this analysis is there an intelligible basis for us to know that the court addressed, engaged that issue, and decided it? Your Honor, there was no discussion of 5G 1.3, no explicit discussion of it, so we don't know exactly how the district court arrived at his conclusion, but he may very well have realized under 5G 1.3D that he had discretion in imposing it consecutively or concurrently or partially concurrently. And he did consider, we know he considered the defendant's request for a concurrent sentence and rejected that request. So I don't know that the district court had to specifically, especially where a defendant isn't raising the issues with any specificity, that the district court then has to lay out every single step of his or her analysis and how he or she reached a sentence. We know that the district court considered all the 3553A factors. We know that the district court considered the guidelines. We know the district court read the PSR. We know the district court here, I would argue, was aware of what the crimes were at issue in the state crime because the district court specifically asked the AUSA and the AUSA provided that information during the sentencing. And the district court did state that he did not deem the underlying state crimes to be related to the escape offense. So that factored into the district court's decision here. And so I would argue that 5G 1.3D applies. There was no error here. The district court exercised its discretion, not only under the statute that controls undischarged terms of imprisonment, but also under all the 3553A factors and came to a sentence that it believed was reasonable and fair given all of the facts of this case. If there are no further questions, I will ask this court to affirm the district court sentence. Thank you for your time. Thank you, counsel. Case is submitted. The court is in recess until 8 30 tomorrow.